## F. O. SMITH v. STATE.

No. A-8296. April 9, 1932.
Rehearing Denied May 7, 1932.

(10 Pac. [2d] 1101.)

L. Z. Lasley, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Alfalfa county of the crime of a second and subsequent violation of the prohibitory liquor laws, and his punishment fixed by the jury at a fine of $500 and imprisonment in the state penitentiary for a period of two years.

The evidence of the state was that defendant had

been found guilty prior to the year 1926 of violation of the prohibitory liquor laws of Alfalfa county; that on the 20th day of February, 1926, defendant pleaded guilty in the county court of Alfalfa county of selling intoxicating liquor, and was confined in the county jail for a period of six months and paid a fine of $500; that defendant had been convicted in the county court of Grant county of violation of the prohibitory liquor laws; that on the 26th day of January, 1931, he sold a quart of whisky to one Jess Hempsmeyer; the testimony of Hempsmeyer was corroborated by Elmer Thorp and Ben Beadman, who accompanied him at the time the whisky was purchased from defendant.

Defendant, testifying for himself, admitted that Hempsmeyer, Thorp, Beadman, and Otto Beard were at his place at the time the whisky was claimed to have been sold, but denied that he sold any whisky to Hempsmeyer.

Defendant makes only two contentions:

First, that, if any sale of whisky was made, it was to Thorp and Beadman, and not to Hempsmeyer.

Hempsmeyer testified that the four parties went to defendant's home in his car; that he had some money of his own and Thorp and Beadman gave him $2 more; that he bought the whisky from defendant and paid for it out of the money in his pocket.

Second, defendant contends that Hempsmeyer was an accomplice, and that his evidence was not sufficiently corroborated to connect the defendant with the sale of the liquor.

Under the evidence of the state, the witness Hempsmeyer was not an accomplice. His testimony is also cor-

roborated by two other witnesses as to the purchase of the whisky from defendant.

These contentions being without any merit, the cause is affirmed.

EDWARDS, J., concurs. DAVENPORT, P. J., dissents.